UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| CHRISTOPHER BRODEUR,<br>    *Plaintiffs*,<br><br>           v.<br><br>GOVERMENT,<br>    *Defendant*. | No. 3:24-cv-1140 (VAB) |

**ORDER OF DISMISSAL**

Christopher Brodeur ("Petitioner") is an individual currently confined at Federal Medical Center, Devens ("FMC Devens"), located in Massachusetts. On July 2, 2024, Petitioner filed a petition for writ of habeas corpus under 28 U.S.C. § 2241 against the "USA Government" ("Respondent") challenging his detention. Petition for Writ of Habeas Corpus, ECF No. 1 (July 2, 2024) ("Petition").

On October 11, 2024, Respondent filed a response to the Court's Order to Show Cause, arguing for dismissal of this action on the grounds of lack of jurisdiction, improper venue, and the pendent criminal trial giving rise to Mr. Brodeur's detention.[1] Resp't Response, ECF No. 11 (Oct. 11, 2024) ("Response").

As explained below, this Petition is **DISMISSED** for lack of jurisdiction.

I.    BACKGROUND

On February 22, 2024, Petitioner was indicted in the District of Massachusetts. Response at 1.

---

[1] The Court does not consider Respondent's arguments as to the ongoing criminal trial that has given rise to Mr. Brodeur's detention because the petition must be dismissed for lack of jurisdiction as explained below.

1

On May 3, 2024, Petitioner filed a petition for writ of habeas corpus in the District of Connecticut while detained at Wyatt Detention Center in Rhode Island. Petition for Writ of Habeas Corpus, No. 3:24-cv-00824, ECF No. 1 (May 3, 2024).

On June 26, 2024, the Court dismissed the May 2024 petition due to lack of jurisdiction as Petitioner improperly named the "U.S. Government" as respondent. Order Dismissing Case, No. 3:24-cv-00824, ECF No. 12 (June 26, 2024).

On July 2, 2024, Petitioner filed this petition.

## II.     DISCUSSION

A writ of habeas corpus "is directed to, and served upon, not the person confined, but his jailer. . . . [T]he court releases [the petitioner] by compelling the oppressor to release his constraint." *Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484, 495 (1973). "As a result, '[t]he question whether [a district court] has jurisdiction over [a] habeas petition breaks down into two related subquestions. First, who is the proper respondent to that petition? And second, does [the district court] have jurisdiction over him or her?'" *Dailey v. Pullen*, No. 3:22-CV-1121 (SRU), 2023 WL 3456696, at *2 (D. Conn. May 15, 2023) (quoting *Rumsfeld v. Padilla*, 542 U.S. 426, 434 (2004)).

Generally, "the proper respondent is the warden of the facility where the prisoner is being held, not the attorney general or some other remote supervisory official." *Rumsfeld*, 542 U.S. at 435. And "for core habeas petitions challenging present physical confinement, jurisdiction lies only in one district: the district of confinement." *Id.* at 443.

Here, Mr. Brodeur challenges his "12-month detainment" and claims he is "being illegally detained (indefinitely!)." Petition at 3. At the time of this petition's filing, Mr. Brodeur had been detained at the Donald W. Wyatt Detention Facility in Central Falls, Rhode Island. *See*

2

Petition for Writ of Habeas Corpus, Attachment 1: Envelope, ECF No. 1-1 (July 2, 2024). Mr. Brodeur now is being detained at FMC Devens in Ayer, Massachusetts. Response at 4.

But neither facility is located in the District of Connecticut. Furthermore, Mr. Brodeur fails to name the warden of either facility as respondent, instead naming "The U.S.A. Government." Petition at 1. This Court thus lacks jurisdiction over Mr. Brodeur's petition. *See, e.g.*, *Tapia v. Secretary of Dep't of Homeland Security*, No. 3:05-cv-1520 (WWE), 2006 WL 8447026, at *2 (D. Conn. Feb. 3, 2006) ("Here petitioner challenges his present confinement in Massachusetts. Accordingly, the [District of Connecticut] lacks jurisdiction over this matter."); *Glover v. Bronx Supreme Court*, No. 20-cv-10359 (JMF), 2021 WL 3849372, at *1 (S.D.N.Y. Aug. 27, 2021) ("[The] Petition must be and is dismissed for . . . failure to name the proper respondent[.]").

Accordingly, the Court will dismiss this petition for lack of jurisdiction.

### III.     CONCLUSION

For the foregoing reasons, the Petition is **DISMISSED** without prejudice to refiling a petition naming the proper respondent in the proper court.

The Clerk of Court is respectfully directed to close this case.

**SO ORDERED** at New Haven, Connecticut, this 18th day of October, 2024.

    /s/ Victor A. Bolden
Victor A. Bolden
United States District Judge